IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            CIV 16-0563 MV/KBM
                                            CR   09-0900 MV

MARTIN MICHAEL YBARRA,

        Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Defendant Martin Michael Ybarra's ("Defendant's") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.[1] *Doc. 1.* Defendant seeks to have his conviction and sentence set aside pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (*Johnson II*), which invalidated the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague under the Fifth Amendment Due Process Clause.[2] The Court has satisfied itself that Defendant's Motion is limited to only matters of law, and its disposition requires no further factual development or evidentiary hearing.

---

[1] Citations to "Doc." refer to docket numbers filed in Civil Case No. 16-0563 MV/KBM.  Citations to "CR Doc." refer to the attendant criminal docket in Criminal Case No. 09-0900 MV. For filings made on both dockets, only the civil docket number is given.

[2] In *Johnson v. United States*, 559 U.S. 133 (2010) (*Johnson I*), by contrast, the Court held that the Florida felony offense of battery by "[a]ctually and intentionally touch[ing]" another person does not have "as an element the use . . . of physical force against the person of another," § 924(e)(2)(B)(i), and thus does not constitute a "violent felony" under § 924(e)(1).

Having reviewed the pleadings and record before the Court, as well as the relevant law, the Court recommends that Defendant's § 2255 Motion be **denied**.

**I.     Background**

On June 24, 2008, pursuant to a Plea Agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant pled guilty to an Indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *CR Doc. 17 & 18.* According to Defendant's Presentence Report, his base offense level was determined to be 33, because he was found to qualify as an armed career criminal under the ACCA. *Doc. 2,* Ex. 1 ¶ 48. After a three-level reduction for acceptance of responsibility, his total offense level was calculated at 30. *Id.* ¶ 49-51. With a criminal history category of V and the ACCA's fifteen-year mandatory minimum of incarceration, his guideline range became 180-188 months. *Id.* ¶ 98-99.

According to the Presentence Report, Defendant qualified as an armed career criminal based upon three prior convictions in the United States District Court for the District of California for federal bank robbery in case number CR 87-0373. *Doc. 2*, Ex. 1 ¶¶ 36, 48, 68. Defendant had also previously been convicted of aggravated assault with a deadly weapon, *id.* ¶ 36, but his Presentence Report suggests that it was his federal bank robbery convictions alone that qualified him as an armed career criminal. *Id.* ¶ 48.

The indictment issued in Defendant's 1987 District of California federal bank robbery case, attached to the Government's response brief, reveals that Defendant was charged with nine counts of federal bank robbery in violation of 18 U.S.C. § 2113(a). *See Doc. 7*, Ex. 1.  Each count charged him with federal bank robbery "by force, violence, *and* intimidation." *Doc. 7*, Ex. 1 at 1-9 (emphasis added).  According to the

judgment issued by the United States District Court for the District of California, Defendant ultimately pled guilty to Counts 1, 2, and 3 of the indictment and was sentenced to eighteen years custody as to each count to be served concurrently. *Doc. 7*, Ex. 2.

In the instant case, Defendant entered into a Plea Agreement on June 24, 2009, in which he and the Government agreed, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and U.S.S.G. § 6B1.2(c)(2), that "the appropriate sentence in this case is 180 months." *CR Doc. 17* at 4. Defendant agreed in his Plea Agreement to waive his right to appeal or to collaterally attack his conviction under § 2255, except on the issue of ineffective assistance of counsel. *CR Doc.* 17 at 5. While the language of the Agreement does not explicitly mention application of the ACCA, the parties do expressly acknowledge in the Agreement that Defendant was subject to "imprisonment for a period of not less than fifteen (15) years nor more than life." *CR Doc. 17*.

On April 13, 2010, the Honorable Martha Vazquez of this District accepted the parties' Plea Agreement and sentenced Defendant to the stipulated sentence of 180 months imprisonment. *CR Doc. 21*. The Court filed its Judgment in this case on April 21, 2010. *See CR Doc. 22*. Defendant, having waived his right to do so, did not appeal his sentence. *See CR Doc. 17* at 5.

The instant Motion is Defendant's first attempt to collaterally attack his sentence. Initially, he argued that his predicate offenses for "three prior California state convictions for bank robbery," were "likely classified as violent felonies by the district court under the unconstitutionally vague residual clause of the definition of 'violent felony, 18 U.S.C. § 924(2)(2)(B)(ii).[']" *Doc. 1* at 1-3. After the Government clarified in its response brief

3

that the relevant predicate offenses were convictions for *federal* bank robbery under 18 U.S.C. § 2113(a), Defendant revised his argument in his reply brief to comport with the Presentence Report. *See Doc. 9.* Defendant now argues that following the invalidation of the Act's residual clause, *federal* bank robbery, 18 U.S.C. § 2113(a), is categorically not a violent felony under the ACCA. *See id.*

## II. Discussion

### A. The ACCA

The ACCA provides that a person convicted of violating § 922(g) who has three prior convictions for a "violent felony" or "serious drug offense" is subject to a minimum term of imprisonment of fifteen years. 18 U.S.C. § 924(e)(1). Prior to the demise of the residual clause in *Johnson II*, the ACCA defined "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added to denote the now-invalidated residual clause). Subpart (i) of § 924(e)(2)(B) is often referred to as its "force clause," while the initial, unitalicized portion of subpart (ii) is known as the "enumerated clause." *See Johnson*, 135 S. Ct. at 2556. It is the final italicized clause within subpart (ii) that the Supreme Court found to be unconstitutionally vague in *Johnson II. See id.* at 2557, 2563. Notably, the Court left intact both the force clause and the enumerated clause.

In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court announced that *Johnson II* applies retroactively to ACCA cases on collateral review, reasoning that the decision announced a new substantive rule. *Id.* at 1264-65. As a result, individuals whose predicate convictions qualified as "violent felonies" under only the ACCA's invalidated residual clause are now entitled to relief under 28 U.S.C. § 2255.  In contrast, those individuals whose predicate offenses qualify as "violent felonies" under either the ACCA's force clause or enumerated clause are not entitled to relief.

Here, the Government insists that Defendant's federal bank robbery convictions are violent felonies under the ACCA's force clause – that is, these offenses have "as an element the use, attempted use, or threatened use of physical force against the person of another." *See* 18 U.S.C. § 924(e)(2)(B)(i). Defendant contends otherwise.

### B. Effect of Waiver in Plea Agreement

Neither Defendant nor the Government broaches the issue of the waiver of the right to collaterally attack the conviction and sentence contained in the parties' Plea Agreement. Typically, when considering whether to enforce the waiver of appellate or collateral attack rights, a court must determine: (1) whether the disputed appeal or motion falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325-27 (10th Cir. 2004). A miscarriage of justice occurs "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the

sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* at 1327 (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 1998)).

Recently, in *United States v. Frazier-Lefear*, No. 16-6128, 2016 WL 7240134, *3 (10th Cir. Dec. 15, 2016) (unpublished), the Tenth Circuit held that the waiver provision in a plea agreement was enforceable, compelling dismissal of a *Johnson II*-based challenge to a sentence, albeit in a case involving a sentencing guidelines enhancement rather than the ACCA. *Id.* at *3.  Judges in this District have reached the same conclusion, both before and after *Frazier-Lefear*. *See, e.g., Mount v. United States*, 16cv0657 JAP/KBM, *Doc. 8* (D.N.M. Jan. 17, 2017) (determining that the waiver in the movant's 11(c)(1)(C) plea agreement was enforceable in a § 2255 motion under *Johnson* in the career offender context); *Valdez v. United States*, 16cv0727 JB/GBW, *Doc. 10* (D.N.M. Dec. 6, 2016) (recommending the same conclusion); *United States v. Sosa*, 16cv0653 RB/LF (D.N.M. Dec. 2, 2016), adopted by presiding District Judge Brack, *Doc. 15*, on Dec. 29, 2016 (distinguishing the concept of forfeiture from that of waiver and determining that a defendant who waived his right to collaterally attack a sentence intentionally relinquished his right to collaterally attack his sentence based upon an unconstitutionally vague sentencing guideline).

Moreover, at least two judges in this District have enforced waivers contained in Rule 11(c)(1)(C) plea agreements in § 2255 motions under *Johnson II* where the movants, when sentenced, were facing a mandatory minimum under the ACCA.  *See, e.g., Puckett v. United States*, No. 16cv0511 WJ/WPL, *Doc. 2* (D.N.M. June 6, 2016); *Pam v. United States*, No. 16cv0358 LH/GBW, *Doc. 4* (D.N.M. June 8, 2016).  In these

6

decisions, Judge Johnson and Judge Hansen reasoned that the movants, who qualified under the ACCA but entered into 11(c)(1)(C) plea agreements, were not entitled to relief under *Johnson II* because they were "not sentenced under the provisions of the ACCA but, instead, [were] sentenced to a stipulated and agreed term." *Pucket*, 16cv0511 WJ/WPL, *Doc. 2*; *Pam*, 16cv0358 LH/GBW, *Doc. 4*. Judge Johnson and Judge Hansen concluded that enforcement of the respective movant's waiver would not result in a miscarriage of justice because the sentence imposed "did not exceed the [] statutory maximum." *Pucket*, 16cv0511, at 6; *Pam*, 16cv0358, at *7. In other words, because the agreed sentences in the movants' plea agreements did not exceed the statutory maximum <u>at the time the plea agreement was entered</u>, no miscarriage of justice resulted. The undersigned takes a different view, however.

If Defendant is correct that *Johnson II* renders his 15-year sentence an unauthorized and thereby illegal punishment, he arguably demonstrates that enforcement of the waiver of his collateral attack rights would result in the "miscarriage of justice." Indeed, the undersigned has previously recommended in a § 2255 case premised on *Johnson II*, that the Court decline to enforce the waiver provision in a plea agreement. In that case, a defendant agreed to the fifteen-year <u>*mandatory minimum*</u> prison sentence required by the ACCA pursuant to a Rule 11(c)(1)(C) plea agreement, but actually faced a <u>*maximum*</u> penalty of ten years without the unconstitutional ACCA enhancement. *See United States v. Mata*, 16cv0581, *Doc. 7* (D.N.M. Aug. 26, 2016), adopted by presiding District Judge Gonzalez, *Doc. 9*, on Sept. 6, 2016.

Persuaded by the rationale of judges in the Eastern District of Tennessee, the undersigned's view is that defendants who were previously found to qualify under the

7

ACCA and who entered into plea agreements may, as a result of *Johnson II*, be subject to sentences exceeding the congressionally-authorized maximum punishment for non-ACCA violations. In other words, with the invalidation of the ACCA's residual clause, sentences for some defendants with plea agreements who previously qualified under the ACCA now "exceed the statutory maximum," resulting in a miscarriage of justice. *See Hahn*, 359 F.3d at 1327.

Furthermore, the Government has not specifically sought to enforce the waiver contained in Defendant's plea agreement in this case, opting to focus its arguments on the issue of whether federal bank robbery constitutes a crime of violence under the ACCA. *See Doc. 7.* This alone may be reason not to enforce the waiver. *See United States v. Calderon*, 428 F.3d 928, 930-31 (10th Cir. 2005) ("the waiver is waived when the government utterly neglects to invoke the waiver in this Court"); *United States v. Evans*, 361 F. App'x 4, 7 (10th Cir. 2010) (unpublished) ("we will only enforce an appeal waiver when the government invokes the waiver against the defendant").

Given the undersigned's view of the enforceability of waivers in ACCA cases, and because the government has not specifically sought to enforce the waiver, the Court recommends that it not be enforced and therefore proceeds to the merits of Defendant's *Johnson II* claims.

### C. Whether Federal Bank Robbery Satisfies the ACCA's Force Clause

The parties agree that whether or not Defendant's federal bank robbery convictions qualify as violent felonies hinges on the application of the ACCA's force clause, which includes offenses that have "as an element the use, or threatened use of physical force against the person or property of another." *See Doc.* 7 at 6; *Doc. 9* at 1.

8

When determining whether an offense is a violent felony under the ACCA, courts generally apply the "categorical approach," considering only the offense's statutory elements and not the actual facts underlying the prior conviction. *United States v. Smith*, 652 F.3d 1244, 1246 (10th Cir. 2011). Under this approach, it is unnecessary that "every conceivable factual offense" contemplated by the statute fall within the ACCA. *Id.* at 1246. Instead, courts consider whether the "conduct encompassed by the elements of the offense, in the ordinary case, qualifies under the ACCA as a violent felony." *Id.*

When a statute contains a divisible set of elements in the alternative, only some of which would constitute violent felonies, courts may employ the "modified categorical approach." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). Under this approach, courts "look[] to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 136 S. Ct. 2243, 2249 (2016). This approach does not apply to statutes which "enumerate[] various factual means of committing a single element." *Id.* at 2249.

> Here, the federal statute at issue provides as follows:
>
> Whoever by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny –

9

>Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a). In addition to bank robbery "by force and violence, or by intimidation," the statute also criminalizes obtaining or attempting to obtain property from a bank by extortion as well as entering or attempting to enter a bank with the intent to commit a felony affecting the bank. *See id.* As such, § 2113(a) seems to contain a divisible set of elements in the alternative: (1) taking property from a bank by force and violence or intimidation; (2) obtaining or attempting to obtain property from a bank by extortion, or (3) entering a bank intending to commit a felony affecting the bank. *See United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016) (suggesting that § 2113(a) is a divisible statute because it also criminalizes entering a bank intending to commit a felony affecting the bank); *United States v. McGuire*, No. 16cv1166 JTM, 2016 WL 4479129, at *2 (D. Kan. Aug. 25, 2016) (noting that § 2113(a) contains "essentially a separate extortion offense."). In any event, applying the modified-categorical approach to Defendant's conviction here, it is clear that he was convicted of federal bank robbery "by force, violence, and intimidation" and not of bank robbery by extortion or entering a bank with intent to commit a felony. *See Doc. 7*, Ex. 1, at 1-9, Ex. 2.

Defendant argues that § 2113(a) does not qualify as a violent felony under the force clause because it does not require: (1) proof of violent physical force as required by *Johnson I*; (2) proof that the use, attempted use, or threatened use of physical force was directed at the person of another; or (3) proof that that bank robbery by intimidation was intentional. *Doc. 9.* For these reasons, and because he finds the authority cited by the Government to be unpersuasive when applied to this case, Defendant maintains

10

that his sentence should be vacated and that he should be resentenced without application of the ACCA.

The crime of federal bank robbery has three elements: (1) the defendant intentionally took from the person or presence of the person money or property; (2) the money or property belonged to or was in the possession of a federally-insured bank at the time of the taking; and (3) the defendant took the money or property by means of force and violence or intimidation. *See* Tenth Circuit Pattern Jury Instructions No. 2.77.

First, Defendant maintains that federal bank robbery does not comport with *Johnson I*, which requires, for purposes of the ACCA's force clause, an element of "physical force," meaning "*violent* force – that is, force capable of causing physical pain or injury to another person." *See Johnson*, 559 U.S. at 140 (emphasis in original). According to Defendant, § 2113(a) "does not require that any particular quantum of force be used, attempted or threatened." *Doc. 9* at 4.

True, the Tenth Circuit has found sufficient evidence of bank robbery by intimidation in situations that did not involve actual force or violence or even *explicit* threats of such. For instance, it upheld a conviction under § 2113(a), finding sufficient evidence of intimidation, when a defendant walked "unhesitatingly" behind a bank counter, began removing cash from a tellers' drawer, and instructed a bank manager to "shut up" when asked what he was doing. *United States v. Slater*, 692 F.2d 107, 107-09 (10th Cir. 1982). The Tenth Circuit reasoned that although the defendant did not have a weapon, his quiet but purposeful and aggressive behavior "created a dangerous situation" and an "expectation of injury . . . in the context of an incident of this kind where a weapon and a willingness to use it are not uncommon." *Id*. at 109. Similarly, in

*United States v. Lewis*, 628 F.2d 1276 (10th Cir. 1980), the Tenth Circuit upheld a § 2113(a) conviction where the defendant entered a bank, unarmed, and presented a note reading: "This is a bank robbery. Put the money in the bank bag and keep your foot off the button." *Id.* at 1277.

Even so, the Tenth Circuit Criminal Pattern Jury Instruction 2.77 helpfully expands upon the offense of bank robbery by intimidation, explaining:

> To take "by means of intimidation" is to say or do something in such a way that a person of ordinary sensibilities would be fearful of bodily harm. It is not necessary to prove that the alleged victim was actually frightened, and neither is it necessary to show that the behavior of the defendant was so violent that it was likely to cause terror, panic, or hysteria. However, a taking would not be by "means of intimidation" if the fear, if any, resulted from the alleged victim's own timidity rather than some intimidating conduct on the part of the defendant. The essence of the offense is the taking of money or property accompanied by intentional, intimidating behavior on the part of the defendant.

*Id.* The Tenth Circuit has defined intimidation in the context of § 2113(a) as "an act by defendant 'reasonably calculated to put another in fear,' or 'conduct and words . . . calculated to create the impression that any resistance or defiance by the [individual] would be met by force.'" *United States v. Lajoie*, 942 F.2d 699, 701 n.5 (10th Cir. 1991) (internal citations omitted).

Given that intimidation occurs in the context of a bank robbery when a defendant says or does something "in such a way that a person of ordinary sensibilities would be fearful of bodily harm," the Court is satisfied that federal bank robbery by intimidation has as an element the threatened use, albeit sometimes implicit, of physical force against the person of another. Actions which would cause a reasonable victim to be intimidated during the course of a bank robbery necessarily implicate the threatened

use of physical force. As such, the Court declines to adopt the proposition advanced by Defendant that federal bank robbery may occur even without the use, attempted use, or threatened use of physical force of the type contemplated in *Johnson I*.

Next, Defendant suggests that federal bank robbery does not necessitate that physical force, or threats of physical force, be directed "against the person of another," as required by the language of § 924(e)(2)(B)(i). For this proposition, Defendant relies upon *United States v. Ford*, 613 F.3d 1263 (10th Cir. 2010) in which the Tenth Circuit found that discharging a firearm at an occupied building or vehicle did not qualify under the ACCA's force clause because "[t]he Kansas statute requires force against a building or vehicle, but not against the person inside." *Doc. 9* at 5 (quoting *Ford*, 613 F.3d at 1271). The Court, however, is not persuaded that § 2113(a) is analogous to the Kansas offense of discharging a firearm at an occupied building. Both the express elements of § 2113(a) and the applicable pattern jury instruction contemplate that federal bank robbery involves the intentional taking "from the person or presence of [a] person . . . by means of force and violence or intimidation." *See* § 2113(a); Tenth Circuit Pattern Jury Instructions No. 2.77. In contrast to the crime of shooting at a building, the Court has little difficulty finding that federal bank robbery involves something more than force against property that "a person happens to occupy at the time." *See Doc. 9* at 5.

Defendant next contends that federal bank robbery cannot be a crime of violence because a person may be convicted under § 2113(a) without *intending* to threaten the use of force. He argues that intimidation in this context need not be intentional "because it depends on whether a reasonable person would be intimidated by the defendant's conduct and not on whether the defendant intended to intimidate." *Doc. 9* at

13

6. Defendant relies upon the rationale in *United States v. Woodrup*, 86 F.3d 359 (4th Cir. 1996), in which the Fourth Circuit reasoned that "nothing in [§ 2113(a)] even remotely suggests that the defendant must have intended to intimidate." *Doc. 9* at 7 (citing *Woodrup*, 86 F.3d at 364). It follows, he argues, that § 2113(a) cannot constitute a crime of violence under the force clause. *Id.* at 6 (quoting *Culp v. United States*, No. 16-672 TS, 2016 WL 5400395, at *9 (D. Utah 2016), in which the court concluded that "the threatened use of physical force against the person of another requires 'both the intent to use force and a communication of that threat'").

    Underlying Defendant's argument is the premise that crimes of violence under the ACCA require a *mens rea* higher than recklessness or negligence. The Court agrees with this underlying premise. After all, the Tenth Circuit explained in *United States v. Zuniga-Soto*, 527 F.3d 1110, 1124 (10th Cir. 2008), that "a *mens rea* of recklessness does not satisfy [the] use of physical force requirement under [U.S.S.G.] § 2L1.2's definition of 'crime of violence,'" which, like the force clause in the ACCA, included offenses that have as "an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* at 1124; *see also Leocal v. Ashcroft,* 543 U.S. 1, 11 (2004) (holding that a Florida drunk driving statute did not meet 18 U.S.C. § 16's use of physical force requirement because an individual could be convicted under the statute for negligence or accidental conduct). The Court's agreement with Defendant's underlying premise, however, does not lead it to the conclusion that a person may be convicted of federal bank robbery by intimidation absent knowledge that his conduct constitutes a threat of physical force.

14

Recently, the Fourth Circuit rejected a *Woodrup*-based argument similar to the one advanced by Defendant. In *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016), the defendant made a *Johnson II* challenge to a conviction under 18 U.S.C. § 924(c), relying in part upon the circuit court's prior holding in *Woodrup*. The court explained its rejection of an intent requirement in *Woodrup* by suggesting that it had only determined that federal bank robbery by intimidation did not require the *specific* intent to intimidate. *Id.* at 155. It explained that, in contrast, it did *not* determine in *Woodrup* whether bank robbery required general intent – that is, knowledge – with respect to intimidation. *Id.* at 155. More importantly, it emphasized that following *Woodrup*, the United States Supreme Court held in *Carter v. United States*, 530 U.S. 255, 268 (2000), that § 2113(a) requires proof of general intent or knowledge regarding taking by force and violence or intimidation. *Id.* In other words, regardless of the holding in *Woodrup*, the Supreme Court's *post-Woodrup* decision in *Carter* clarified that a conviction under § 2113(a) requires that a defendant know the facts that "ma[de] his conduct fit the definition of the offense." *Id.* (quoting *United States v. Elonis*, 135 S. Ct. 2001, 2009 (2015)).

Ultimately concluding that federal bank robbery, even by intimidation, is a crime of violence within the meaning of the force clause of § 924(c)(3), the Fourth Circuit in *McNeal* reasoned as follows:

> [T]o secure a conviction of bank robbery "by intimidation," the government must prove not only that the accused knowingly took property, but also that he knew that his actions were objectively intimidating. Bank robbery under § 2113(a) therefore satisfies the criterion . . . that, to qualify as a crime of violence, an offense must require either specific intent or knowledge with respect to the use, threatened use, or attempted use of physical force.

15

818 F.3d at 155; *accord Kucinski v. United States*, No. 16cv201-PB, 2016 WL 4444736 (D.N.H. Sept. 23, 2016) ("[E]ven assuming that § 2113(a) does not require specific intent to intimidate, the statute demands more than accidental, negligent, or reckless conduct."); *United States v. Inoshita*, No. 15-0159 JMS, 2016 WL 2977237, at *6 (D. Haw. May 20, 2016) ("Simply put, negligent or reckless conduct isn't enough" to satisfy § 2113(a).); and *United States v. Mitchell*, No. 15-CR-47, 2015 WL 7283132, at *3 (E.D. Wis. Nov. 17, 2015) ("Section 2113(a) may be a general intent statute, . . . but taking money by force, violence, or intimidation involves a higher degree of culpability than accidental, negligence, or reckless conduct."). This Court finds persuasive the Fourth Circuit's most recent articulation of § 2113(a)'s *mens rea* requirement. It therefore agrees that taking money or property from the presence of bank personnel, even by intimidation, requires something more than recklessness. Indeed, this understanding of § 2113(a)'s requisite *mens rea* comports with the applicable pattern jury instruction and Tenth Circuit case law.

Following *Johnson II*, both the Sixth and the Eleventh Circuit have held that federal bank robbery is a crime of violence under the career offender sentencing guideline's nearly identical force clause. *See United States v. McBride*, 826 F.3d 293, 295-96 (6th Cir. 2016); *United States v. Johnson*, 2016 WL 6775916, at *5 (11th Cir. Nov. 16, 2016); *United States v. Jenkins*, 651 F. App'x 920 (11th Cir. 2016). Numerous federal district courts have followed suit. *See, e.g., McGuire*, 2016 WL 4479129 (noting that courts have almost unanimously held that even taking by intimidation qualifies as threatened use of force under U.S.S.G. § 4B1.2(1)(i)'s force clause).

In this District, Judge Browning has held that armed federal bank robbery qualifies as a crime of violence under § 924(c)'s force clause, which requires "as an element the use, or threatened use of physical force against the person or property of another." *Lloyd v. United States*, 16cv0513 JB/WPL, *Doc. 8* at 9 (D.N.M. Aug. 31, 2016). In *Lloyd*, he noted that the "Courts of Appeals have uniformly ruled that federal crimes involving takings 'by force and violence, or by intimidation,' have as an element the use, attempted use, or threatened use of physical force." *Id.* at 10 (citing *United States v. Boman*, 25 F. App'x 761 (10th Cir. 2001), in which the court held that robbery under § 2111 satisfies the ACCA's force clause, and citing *United States v. Moore*, 43 F.3d 568, 572-73 (11th Cir. 1994) and *United States v. Mohammed*, 27 F.3d 814, 819 (2d Cir. 1994), which reached the same conclusion with respect to the carjacking statute, 18 U.S.C. § 2119). Judge Browning also emphasized that the movant there, like Defendant here, pled guilty to bank robbery "by force and violence, <u>and</u> intimidation," suggesting that he "was thus charged and convicted" of a crime that satisfied the force clause, even if bank robbery by intimidation did not have as an element the threatened use of force. *Id.* at 11. Nevertheless, he went on to explicitly find that federal bank robbery under § 2113(a), "by intimidation," requires the threatened use of physical force." *Id.* at 11.

There is only one federal district court of which this Court is aware that has reached a contrary conclusion. In both *Doriety v. United States*, 16cv0924, *Doc. 12* (W.D. Wash. Nov. 10, 2016) (unpublished) and *Knox v. United States*, No. C16-5502BHS, 2017 WL 347469, at *2 (W.D. Wash. Jan. 24, 2017), the Western District of Washington held that federal bank robbery is not a crime of violence under the career

offender sentencing guideline. In the first case, *Doriety*, the court reasoned that the statute does not explicitly require that a defendant intentionally use force, violence, or fear of injury. *Doriety*, 16cv0924, *Doc. 12* at 9. Noting that federal bank robbery may be committed through "intimidation," which the Ninth Circuit previously determined did not require a threat of violent physical force, the court found that § 2113(a) did not satisfy the force clause. *Id.* (citing *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983) for the proposition that intimidation does not require a threat of violent physical force). The court explained that the "minimum culpable conduct" of § 2113(a) "does not even require the presence of another person, let alone the threat of "violent force" against that person. *Id.* at 9 (referencing the portion of § 2113(a), which provides that a defendant may be convicted of federal bank robbery for "entering 'any bank . . . with intent to commit in such bank . . . any felony affecting such bank . . . or any larceny.'"). In *Knox*, another judge within the same district simply adopted the rationale set forth in *Doriety*. *See Knox*, 2017 WL 347469, at 2.

In contrast to the Western District of Washington, this Court is not bound by Ninth Circuit law; nor does it agree that bank robbery by intimidation does not necessarily involve a threat of violent physical force.  Further, given that § 2113(a) is a divisible statute and the modified categorical approach is implicated, it is of no consequence to the present analysis that a defendant may also be convicted under § 2113(a) by entering a bank with the intent to commit a felony even without threatening violence. Here, the defendant was, without question, instead convicted of federal bank robbery "by force, violence, *and* intimidation." *See Doc. 7*, Ex. 1, at 1-9 (emphasis added).

For these reasons, the Court rejects the reasoning set forth by the Western District of Washington. Rather, the sound rationale of the other courts to address the issue weighs in favor of a determination that that federal bank robbery constitutes a crime of violence under the ACCA's force clause. Simply put, Defendant has offered an inadequate basis for this Court to go against the heavy weight of authority.

## III. Conclusion

For all of these reasons, the Court finds that federal bank robbery, 18 U.S.C. § 2113(a), is a crime of violence under the Armed Career Criminal Act's force clause and that Defendant is, therefore, not entitled to relief following *Johnson II*.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Defendant's § 2255 Motion be denied and that his claims be dismissed with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE